# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MARTIN J. HUDGINS,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )      1:15CV533
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social Security,  )
                                  )
          Defendant.              )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP") (Docket Entry 2), filed in conjunction with a Complaint (Docket Entry 1). For the reasons that follow, the instant Application will be denied.

## I. Magistrate Judge Authority in this Context

For cases proceeding in a United States District Court:

> A judge may designate a magistrate judge to hear and <u>determine any pretrial matter</u> pending before the court, <u>except</u> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (emphasis added).[1]

---

1 Absent consent of the parties, <u>see</u> 28 U.S.C. § 636(c)(1), as to the eight pretrial matters specified in Section 636(b)(1)(A) (as
(continued...)

The United States Court of Appeals for the Fourth Circuit has construed the foregoing statutory language as follows: "Under 28 U.S.C. § 636(b)(1)(A) a judge may have a magistrate decide <u>any</u> 'pretrial matter' <u>except</u> certain <u>specified</u> motions. <u>These exceptions</u> are motions which Congress considered to be 'dispositive.'" <u>Aluminum Co. of Am., Badin Works, Badin, N.C. v. United States Envtl. Prot. Agency</u>, 663 F.2d 499, 501 (4th Cir. 1981) (emphasis added) (citing House Report No. 94-1609, P.L. 94-577, reprinted at U.S. Code Cong. & Ad. News 6162 (1976)).[2] By

---

1(...continued)
well as certain collateral filings by prisoners) a magistrate judge only may issue a recommended ruling. See 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.").

2 By explaining that the eight motions listed in Section 636(b)(1)(A) constitute the pretrial matters "which Congress considered to be 'dispositive,'" <u>Aluminum Co. of Am.</u>, 663 F.2d at 501, the Fourth Circuit harmonized Section 636(b)(1) with Federal Rule of Civil Procedure 72, which provides that: 1) "[w]hen a pretrial matter <u>not dispositive</u> of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision" after which "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law," Fed. R. Civ. P. 72(a) (emphasis added); and 2) "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter <u>dispositive</u> of a claim or defense" and "must enter a recommended disposition," as to which "[t]he district judge must determine de novo any part of the
(continued...)

2

published decision, the Fourth Circuit thus has stated that, consistent with the plain language of Section 636(b)(1)(A), a magistrate judge may decide <u>any</u> pretrial matter <u>except</u> the eight motions Congress <u>specified</u> in said statutory provision. The Fourth Circuit has since reiterated that view, albeit by unpublished opinion. <u>Batiste v. Catoe</u>, 27 F. App'x 158, 159 (4th Cir. 2001) (holding that magistrate judge's ruling on pretrial motion not listed in Section 636(b)(1)(A) constituted "nondispositive" order, and citing in support <u>Maisonville v. F2 Am.</u>, 902 F.2d 746, 747-48 (9th Cir. 1990), and determination therein that "'dispositive' motions are limited to the listing contained in § 636(b)(1)(A)").

District judges in the Fourth Circuit have followed the reasoning of <u>Aluminum Co. of Am.</u> and <u>Batiste</u>. For example, in <u>Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Ams.</u>, 397 F. Supp. 2d 698 (W.D.N.C. 2005), the court declined to review de novo a magistrate judge's order on a motion to remand, observing that: "[T]he language of § 636(b)(1)(A) is exceedingly clear that a

---

2(...continued)
magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b) (emphasis added). This harmonization resolves what a judge in an adjacent district described as "a disconnect between Rule 72 and the Magistrates Act, 28 U.S.C. § 636(b)" arising from the fact that "[t]he former permits a magistrate judge to decide any motion which is not 'dispositive of a party's claim or defense,' but the latter appears written to allow magistrate judges to 'hear and determine *any* pretrial matter pending before the court,' minus eight enumerated exceptions." <u>Stonecrest Partners, LLC v. Bank of Hampton Rds.</u>, 770 F. Supp. 2d 778, 783 n.3 (E.D.N.C. 2011) (emphasis in original).

magistrate judge may 'hear and determine *any* pretrial matter pending before the court, *except*' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than '*any . . . except.*'" Id. at 701 (ellipsis and emphasis in original) (citations omitted); see also Everett v. Cherry, 671 F. Supp. 2d 819, 820 n.4 (E.D. Va. 2009) ("Section 636(b)(1) enumerates those pre-trial matters that, if referred to a magistrate judge, must be reviewed *de novo* by a district judge upon objection. The court will not make the unprincipled decision to rewrite the statute, adding 'motions to amend' to those pre-trial matters, for that is the province of Congress."), aff'd sub nom., Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) ("[The plaintiff] moved for leave to amend her complaint . . . to add [a defendant and] a state-law claim of medical malpractice against [that defendant]. After a hearing, the magistrate judge denied [the] motion. [The plaintiff] timely objected, thereby preserving the issue for review . . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").[3]

---

3 Of note, the Everett Court affirmed the district judge's application of clearly erroneous review to the magistrate judge's
(continued...)

4

Recently, however, the Fourth Circuit issued an unpublished decision holding that a "magistrate judge, proceeding under 28 U.S.C. § 636(b) (2012), lacked authority to issue an order denying [an application for] leave to proceed IFP." Hunter v. Roventini, Nos. 14-2259, 15-1019, 2015 WL 3483102, at *1 (4th Cir. June 3, 2015) (unpublished). In doing so, the Hunter Court did not address Aluminum Co. of Am. or the plain language of Section 636(b)(1)(A); instead, it only cited and parenthetically quoted Woods v. Dahlberg, 894 F.2d 187, 187 (6th Cir. 1990), for the proposition that "'denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.'" Hunter, 2015 WL 3483102, at *1.[4] The undersigned

---

3(...continued)
order denying the motion to amend without regard to whether that denial was dispositive as to the plaintiff's claim against the putative defendant. See Everett, 412 F. App'x at 605 n.2. Moreover, as the undersigned Magistrate Judge previously has observed, "the circuit courts that have spoken have found that magistrate judges may enter orders [on motions to amend], notwithstanding the theoretical 'dispositive' nature of such rulings (and have cited the plain language of Section 636(b)(1) in support of that position)." Thomas v. North Carolina, No. 1:10CV226, 2010 WL 2176075, at *8 (M.D.N.C. May 21, 2010) (unpublished) (citing, inter alia, Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006)).

4 The Sixth Circuit did not cite any legal support or offer any reasoned analysis for its above-quoted, single-line conclusion. See Woods, 894 F.2d at 187. Moreover, in so concluding, it dramatically broke from the explicit terms of Section 636(b)(1), which addresses the authority of magistrate judges to rule (or to recommend rulings) on motions without regard to the outcome of the ruling (or recommended ruling), in favor of an approach that makes the outcome of the ruling (or recommended ruling) determinative of
(continued...)

Magistrate Judge recognizes that unpublished Fourth Circuit decisions constitute significant persuasive authority; however, given the published ruling in Aluminum Co. of Am.,[5] the plain language of Section 636(b)(1)(A), and the persuasive authority (cited above and below), the undersigned Magistrate Judge will enter an order, rather than a recommendation, in this instance.

As an initial matter, an application to proceed IFP constitutes a "pretrial matter," 28 U.S.C. § 636(b)(1)(A). See, e.g., Smith ex rel. K.M.J. Int'l, Inc. v. United States Gov't, No. 1:10CV673, 2013 WL 5462387, at *1 (M.D.N.C. Feb. 19, 2013) (unpublished) (Osteen, Jr., J.) ("[T]he order of the Magistrate Judge relates to a pretrial matter (IFP status)."); Central States, Se. & Sw. Area Pension Fund v. Smeltzer Enters., Nos. 08-50180, 08-50852, 2009 WL 3672120, at *2 (E.D. Mich. Oct. 30, 2009)

---

4(...continued)
such authority. See id. at 188 ("A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action."). By such reasoning, a magistrate judge could rule on a summary judgment motion, so long as the ruling denied summary judgment, despite Congress clearly specifying otherwise.

5 As a published decision, Aluminum Co. of Am. must control over Hunter, an unpublished decision. See, e.g., United States v. Ruhe, 191 F.3d 376, 391-92 (4th Cir. 1999) ("The district court relied on [an unpublished Fourth Circuit opinion] to support its decision. . . . [U]npublished opinions are not binding precedent . . . . [T]o the extent that [the unpublished decision cited by the district court] is inconsistent with [a published Fourth Circuit decision], we are controlled by the published decision.").

(unpublished) (listing "determination of *in forma pauperis* status" as example of "pretrial matter"); Scherer v. United States, No. 01-2428-JWL, 2001 WL 1516736, at *1 (D. Kan. Nov. 7, 2001) (unpublished) (describing "denial of *in forma pauperis* status" as order on "pretrial matters"). Further, Section 636(b)(1)(A)'s "specifically enumerated list of motions [excluded from disposition by a magistrate judge] does not include a [m]otion for [l]eave to [p]roceed [i]n [f]orma [p]auperis." Seals v. Seals, No. 2:14CV2058-JPM-CGC, 2014 WL 3592037, at *4 (W.D. Tenn. July 21, 2014) (unpublished); see also Talley v. Jackson, No. C15-855-RSM, 2015 WL 3796339, at *2 (W.D. Wash. June 18, 2015) (unpublished) ("Congress has explicitly provided magistrate judges the authority to hear and determine certain pretrial matters in actions pending before the district court. See 28 U.S.C. [§] 636(a)-(b). This authority extends to ruling upon applications to proceed *in forma pauperis* . . . ."); Smith, 2013 WL 5462387, at *1 ("[A]n order [relating to IFP status] may be reconsidered 'only where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.' 28 U.S.C. § 636.").

In other words, the plain language of Section 636(b)(1)(A) compels the conclusion that magistrate judges may rule on IFP applications, and courts "are not permitted to ignore [a] statute's plain language," United States v. Stitt, 552 F.3d 345, 353 (4th Cir. 2008); see also Matter of Baby "K", 16 F.3d 590, 596 (4th Cir.

7

1994) ("[W]e cannot ignore the plain language of the statute because to do so would transcend our judicial function." (internal quotation marks omitted)); Everett, 671 F. Supp. 2d at 820 n.4 ("Section 636(b)(1) enumerates those pre-trial matters that, if referred to a magistrate judge, must be reviewed *de novo* by a district judge upon objection. The court will not make the unprincipled decision to rewrite the statute, adding [other motions] to those pre-trial matters, for that is the province of Congress."). Finally, even if the list of motions in Section 636(b)(1)(A) somehow implicitly encompassed any pretrial matter somehow deemed dispositive, a magistrate judge may rule on an IFP application because such a ruling does not dispose of the action. See Poche v. Butler, Civil Action No. 07-3506, 2007 WL 2695350, at *1 n.1 (E.D. La. Sept. 11, 2007) (unpublished) ("[The] order [denying IFP status] did not prevent [the p]etitioner from proceeding by a means other than by *in forma pauperis* . . . ."); see also Yepes v. Hininger, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6, 2015) (unpublished) ("[T]he [m]agistrate [j]udge's [o]rder on [the p]laintiff's [m]otion to [p]roceed in [f]orma [p]auperis squarely falls within his authority to issue orders on nondispositive pretrial matters." (emphasis added)); Arvie v. Tanner, Civil Action No. 12-1638, 2012 WL 3597127, at *1 (E.D. La. Aug. 21, 2012) (unpublished) (identifying denial of "motion to proceed *in forma pauperis*" as "non-dispositive"), aff'd,

8

518 F. App'x 304 (5th Cir.), cert. denied, ___ U.S. ___, 134 S. Ct. 689 (2013); Seaberry v. Stalder, Civil Action No. 05-1960-P, 2006 WL 1635707, at *1 (W.D. La. June 13, 2006) ("[The denial of IFP status] is an [o]rder from the [m]agistrate [j]udge on a non-dispositive matter . . . ." (emphasis added)).[6]

In sum, the undersigned Magistrate Judge will enter an order as to Plaintiff's instant Application, "[b]ecause [even the denial of IFP status will] not prevent [Plaintiff] from proceeding by a means other than by *in forma pauperis*, and because a motion for permission to proceed *in forma pauperis* is a pretrial motion and is

---

6 Notably, in Hunter, the magistrate judge did not simply deny the plaintiff IFP status and order payment of the filing fee, but also ruled that, "[s]hould [the p]laintiff fail to do so, the clerk shall redesignate this action as a miscellaneous case and administratively close the matter without further order of the court . . . ." Hunter v. Roventini, No. 5:14CV733FL, at 2 (E.D.N.C. Nov. 4, 2014) (unpublished), aff'd, Text Order (E.D.N.C. Nov. 24, 2014), vacated and remanded, 2015 WL 3483102. The magistrate judge there thus entered an order providing for dismissal of the action. Contrastingly, in this Court, magistrate judges do not enter any such orders when they deny IFP status and require payment of the filing fee; instead, in such cases: 1) the magistrate judge's order would merely warn the plaintiff that non-compliance with the payment order will result in the dismissal without prejudice of the action; and 2) if/when such noncompliance occurs, the magistrate judge then issues a separate recommendation of dismissal for failure to comply with a court order. Those distinctions provide a further basis to attribute less persuasive force to the Fourth Circuit's unpublished decision in Hunter in determining whether the undersigned Magistrate Judge should enter an order regarding Plaintiff's instant Application.

not enumerated in the authorizing statute as a dispositive motion," Poche, 2007 WL 2695350, at *1 n.1.[7]

## II. Eligibility for IFP Status

"In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978)); accord Lowery v. Astrue, Civ. No. 10-2103, 2010 WL 3037023, at *1 (W.D. Ark. Aug. 2, 2010) (unpublished); Assaad-Faltas v. University of S.C., 971 F. Supp. 985, 990-91 (D.S.C. 1997) (citing Monti v. McKeon, 600 F. Supp. 112, 113-14 (D.Conn. 1984), aff'd, No. 84-7759, 788 F.2d 1 (2d Cir. Dec. 2, 1985) (table)). The instant Application reflects that one family member provides Plaintiff with a residence and another family member pays Plaintiff's living expenses (not covered by governmental assistance). (See Docket Entry 2 at 2 ("My sister

---

[7] The distinction between order and recommendation may make little, if any, practical difference in this context; any review by the assigned United States District Judge of the undersigned Magistrate Judge's legal conclusion regarding the eligibility of Plaintiff for IFP status likely would take the same shape whether conducted under the "contrary to law" provision of Section 636(b)(1)(A) (applicable to non-excepted pretrial rulings) or under the de novo standard that governs review of recommendations under Section 636(b)(1)(B). See, e.g., Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law.").

10

owns the house I live in and my brother pays all my living expenses.").) In the absence of any showing to the contrary, the Court concludes that Plaintiff could obtain from his family members the funds necessary to pay the relatively modest filing fee and other costs excused by pauper status.

### III. Conclusion

Plaintiff has not shown entitlement to proceed as a pauper.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 2) is **DENIED**. Plaintiff shall pay the filing fee by November 2, 2015. Failure by Plaintiff to comply with this Order will result in the dismissal without prejudice of this action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 28, 2015